WILLIAM JENNINGS, plaintiff in error, *vs.* W. G. RUDD, defendant in error.

The Superior Court, in a proceeding commenced in that Court, will not order the Marshal of the City of Atlanta to put the purchaser in possession of lands in the city sold by a former marshal for tax due said city.

Jurisdiction of the Superior Court. *Mandamus.* Marshal's Sales. Before Judge POPE. Fulton Superior Court. May Term, 1869.

Rudd failed to pay his (Atlanta) city taxes, *fi. fa.* issued against him therefor, was levied on certain land in said city, and after due advertisement the then marshal of the city sold the land; Jennings bought it, and took a deed from the marshal. He did not get possession of the premises. In June, 1869, after a new marshal had gone into office, Jennings petitioned the Superior Court for an order to compel the new marshal, or the sheriff of Fulton county, to put him in possession of said land. It was objected to upon the ground that said Court had no jurisdiction over said marshal in the premises, and no right to pass such order. The Court sustained the objection, and dismissed the petition. This is assigned as error.

GEORGE S. THOMAS, for plaintiff in error, cited the charter of Atlanta: Acts December 29th, 1847; 23d February, 1850; March 3d, 1856; Irwin's Code, secs. 893, 895, as to marshal's sales; Irwin's Code, sec. 900; 25th Iowa Reports,

35, as to redemption within a year; and as to power to put purchaser in possession, Irwin's Code, secs. 896, 3601, 3602; 37th Ga. R., 251; 11th, 423; and said the Court had power to grant such order: 37th Ga. R., 581; Sedg. on Stat. L., 470–1–2; Irwin's Code, secs. 236, par. 4.

L. J. GLENN & SON, for defendant, replied that the Superior Court had no jurisdiction, Irwin's Code, sections 3601, 3602, 3598, 3599; and said the marshal could sell, but could not give possession, Irwin's Code, sec. 11; City Code, secs. 14, 403.

BROWN, C. J.

The Mayor and Council of the City of Atlanta are authorized by their charter to levy a tax of one per cent., etc., " which tax shall be collected at such times and in such manner as the Mayor and members of the Council *in their bylaws shall direct.*"

By Act of 1847, amending the charter, it is provided that on the failure or refusal to pay the tax imposed, the clerk of the city shall issue execution, bearing test in the name of the Mayor, and directed to the marshal, commanding him to levy on the goods and chattels, lands and tenements, of the defendant, or so much thereof as shall be sufficient to satisfy the demand and costs, which execution shall bind all the property of the defendant from the date thereof, and said marshal shall proceed to advertise and sell in such manner as the *laws and ordinances* of said city shall or may direct.

The ordinance on that subject provides that " whenever the marshal shall have any execution or executions placed in his hands, he shall execute the same in the manner prescribed by this ordinance, and whenever he shall levy any execution upon any goods, chattels or tenements, he shall advertise the same in three of the most public places in said city ten days before the sale, (except in cases where land is levied upon, when he shall advertise in three of the most public places in said city, and in one of the public gazettes, at least thirty days prior to the day of sale,) and the said

Jennings *vs.* Budd.

marshal shall, on the first Tuesday of each month, between the hours of ten o'clock in the forenoon, and four o'clock in the afternoon, sell all property levied upon in front of the City Council room at public outcry, and shall receive for such selling six and a quarter per cent. on the amount sold, and shall knock down said property to the highest bidder, and execute titles to the same, if required, and he shall be allowed the same fees as are allowed sheriffs of this State for executing titles."

Under the provisions of the charter above mentioned, the Mayor and Council of the City have power to pass by-laws or ordinances regulating the whole matter of the sale of property within the city, for city taxes, *provided* they make no regulation in conflict with the Constitution and laws of this State. They have levied the tax and provided for its collection; and in case of default of payment, for the sale of the property of the defendant; and when property is sold by the marshal, they make it his duty, if required, to "execute titles" to the property sold by him. But their legislation stops with the execution of the title, and no provision is made for putting the purchaser in possession. The consequence is, that the purchaser is left to his common law remedy, to recover the possession of the property held by another, to which he has title.

We hold that sections 3601, 3602 and 869 of the Code apply to sales made by the sheriff, or other State officer, authorized to sell, under a *fi. fa.* from a Court of competent jurisdiction, or under a *fi. fa.* for State or county tax and that they are not applicable to a sale by the Marshal of the City of Atlanta for tax due the city. That is to be collected "in such manner as the laws and ordinances of said city shall or may direct."

It was claimed in the argument, that the Superior Court has power by *mandamus* to compel the Marshal of the City of Atlanta to perform an official duty which he refuses to perform. When a proper case is made, and there is no other legal remedy, we do not question this power in the Courts. But no such case is made by this record. The law of the

city is the rule by which the marshal's official conduct must be regulated, and as that law does not require him to put the purchaser at his own sale in possession, he does not fail to perform a legal duty when he refuses to act. If this were an application for *mandamus* it could not, for that reason, be granted.

Judgment affirmed.